IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD FUIT and KIMBERLY FUIT,<br><br>    Plaintiffs,<br><br>v.<br><br><br>EXTREME PRODUCTS GROUP, L.L.C., a Delaware corporation; BIG 5 CORPORATION, d/b/a BIG 5 SPORTING GOODS; and XIAMEN HONG DAO TECHNOLOGY CO., LTD., a/k/a FITMASTER,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' JOINT MOTION IN LIMINE AND GRANTING PLAINTIFFS' CROSS MOTION**<br><br>1:16-cv-35<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

      This case arises from the severe injuries Plaintiff Richard Fuit sustained after falling head first while using an inversion table.[1] Before the court is Defendants' Joint Motion in Limine to Exclude Jury Instruction on the Legal Effects of Allocation of Fault,[2] and Plaintiffs' Cross Motion to Defendants' Joint Motion Regarding Jury Instruction on Effect of Comparative Fault.[3] For the reasons given below, the court DENIES Defendants' Joint Motion and GRANTS Plaintiffs' Cross Motion.

      The issue raised in the Motions is whether the court should give an allocation instruction at trial, i.e., whether the court should instruct the jury on the legal effects of its allocation of fault. Allocation of fault affects a plaintiff's recovery under Utah's comparative negligence law:

---

[1] *See generally* Dkt. 24.

[2] Dkt. 109; *see also* Dkt. 119 (Opposition); Dkt. 125 (Reply).

[3] Dkt. 120; *see also* Dkt. 126 (Opposition); Dkt. 127 (Reply).

a plaintiff may only recover damages if the plaintiff is less than 50% at fault for the damages caused.[4]  When a general verdict is used, an allocation instruction is necessary for the jury to calculate damages.

Because the parties dispute whether an allocation instruction should be given, they presume the use of a special verdict.[5]  However, under the Federal Rules of Civil Procedure, the court has discretion whether to use either a special verdict under Rule 49(a), a general verdict accompanied by special interrogatories under Rule 49(b), or the traditional general verdict.[6]  When using a special verdict, Rule 49(a)(2) instructs, "the court must give the instructions and explanations necessary to enable the jury to make its findings on each submitted issue."

Here, the court will use a special verdict, accompanied by an allocation instruction, to avoid confusion and tether the jury's findings to sound legal principles.  Absent an allocation instruction, juries often confuse the issues of negligence and damages, and are disappointed at the unexpected legal consequences of their error-ridden findings.[7]  This is especially apt in cases, like this one, where the jury may fill in the blanks of an incomplete instruction with its own

---

[4] Utah Code Ann. § 78B-5-818(2) (2018).

[5] Plaintiffs request the use of a general verdict in the event the court were inclined to grant Defendants' Joint Motion in Limine. Dkt. 127 at 8.  The court gives no weight to this request because it first appears in Plaintiffs' Reply, thus depriving Defendants of an opportunity to respond.

[6] *See* 9B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2509 (3d ed. 2019) ("[I]t is entirely in the discretion of the trial judge whether to use a special verdict under Rule 49(a), a general verdict accompanied by special interrogatories under Rule 49(b), or the traditional general verdict.  Thus the trial judge who thinks it helpful for the jury to know the effect of its answers has the simple recourse of refusing to submit the case under Rule 49(a), and resorting instead to one of the other two forms of submission, under which a general charge is not only proper but required.").

[7] *See Dixon v. Stewart*, 658 P.2d 591, 596 (Utah 1982) (describing cases where such confusion and error occurred).

mistaken intuition about governing law.[8] An allocation instruction will thus avoid jury errors resulting from a flawed understanding of the law.

Defendants raise concerns about goal-oriented fact finding.[9] But the answer to those concerns is not to keep the jury in the dark about critical contours of the law. A jury's "lack of knowledge does not eliminate sympathy or bias. [Rather it] simply insures that the jury makes its decision in greater ignorance."[10] The answer to Defendants' concerns is greater illumination and instruction: the answer is to convey to the jury the importance of upholding their sworn vows to find facts impartially. The court will therefore address Defendants' concerns by giving the jury careful instruction about juror oaths and the solemn duties of a jury.

For the reasons given, the court DENIES Defendants' Joint Motion and GRANTS Plaintiffs' Cross Motion.

SO ORDERED this 21st day of April, 2019.

BY THE COURT:

_____
ROBERT J. SHELBY
Chief United States District Judge

---

[8] *See id.* (explaining the jury increased a plaintiff's respective fault in the hopes of reducing what the jury believed was an inflated damage figure).

[9] Dkt. 109 at 7.

[10] *Dixon*, 658 P.2d at 596.